**2023-1772, -1966**

# United States Court of Appeals
# for the Federal Circuit

---

HALO ELECTRONICS, INC.,

*Plaintiff-Appellant,*

*v.*

PULSE ELECTRONICS, INC., fka Pulse Engineering, Inc.,
PULSE ELECTRONICS CORPORATION, fka Technitrol, Inc.,

*Defendants-Cross-Appellants.*

---

*Appeal from the United States District Court for the District of Nevada, in
Case No. 2:07-cv-00331-APG-PAL (Hon. Andrew P. Gordon, Judge)*

---

## PULSE ELECTRONCS INC.'S AND PULSE ELECTRONICS CORPORATION'S PRINCIPAL AND RESPONSE BRIEF

W. WEST ALLEN
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Phone: (702) 257-1483 | Fax: (702) 567-1568
Email: WWA@H2Law.com

JONATHAN F. KARMO
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
Phone: (248) 645-1483 | Fax: (248) 723-1568
Email: JFK@H2Law.com

*Counsel for Defendants-Cross-Appellants
Pulse Electronics and Pulse Corporation*

AUGUST 29, 2023

# CERTIFICATE OF INTEREST

Counsel for Defendants-Cross-Appellants, Pulse Electronics, Inc. and Pulse Electronics Corp. certifies the following:

1. **Represented Entities**. Fed. Cir. R. 47.4(a)(1). The full names of all entities represented by the undersigned counsel in this case are: **Pulse Electronics, Inc. and Pulse Electronics Corp.**

2. **Real Party in Interest**. Fed. Cir. R. 47.4(a)(2). The full names of all real parties in interest for the entities are: **None/Not Applicable.**

3. **Parent Corporations and Stockholders**. Fed. Cir. R. 47.4(a)(3). The full names of all parent corporations for the entities and all publicly held companies that own 10 % or more of the stock in the entities are: **For both Pulse Electronics Inc. and Pulse Electronics Corp., Yageo Corporation.**

4. **Legal Representatives**. Fed. Cir. R. 47.4(a)(4). List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities are: **Ana Marie Janus, Brian R. Harrow, Kilpatrick Townsend and Stockton LLP, Dentons US LLP, Charles Richard Bruton, David E. Sipiora, Edward J. Benz, III, John D. Cadkin, Jordan B. Olsen, Kelly A. Evans, Evans Fears & Schuttert LLP, Kristopher L. Reed, Mark Lee Hogge, Matthew Holohan, Paul Swenson Prior, Snell & Wilmer, Rajesh Charles Noronha, and Shailendra K. Maheshwari.**

i

5.    **Related Cases**.  Fed. Cir. R. 47.4(a)(5). *See also,* Fed. Cir. R. 47.5(b). The case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal are: **Halo Electronics, Inc. v. Pulse Electronics, Inc., Dkt. No. 2023-1966.**

6.    **Organizational Victims and Bankruptcy Cases**.  Fed. Cir. R. 47.4(a)(6).  The information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees): **None/Not Applicable.**

I certify the foregoing information is accurate and complete to the best of my knowledge.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

By: */s/ W. West Allen*                     By: */s/ Jonathan F. Karmo*
W. West Allen (NV Bar No. 5566)      Jonathan F. Karmo (MI Bar No. 76768)

***Attorneys for Pulse Electronics, Inc. and Pulse Electronics Corp.***

Dated: August 29, 2023

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES ............................................................... vii

STATEMENT OF RELATED CASES .................................................. 1

JURISDICTIONAL STATEMENT .......................................................... 1

STATEMENT OF ISSUES PRESENTED.................................................. 2

INTRODUCTION ................................................................................. 3

    I.    The Cross Appeal (Case No. 2023-1966) ............................. 3

    II.   The Main Appeal (Case No. 2023-1772)............................. 6

CONCISE STATEMENT OF THE CASE .............................................. 8

    III.  The District Court's 2013 Final Judgment Following a
          Jury Trial ............................................................................ 8

    IV.  In 2014, this Court Affirmed the District Court's 2013
          Judgment ............................................................................ 8

    V.    In 2016, the Supreme Court Vacated the Judgement on
          One Issue: Consideration of Enhanced Damages Under a
          New Standard of Review.................................................... 9

    VI.  Pulse's 2017 Appeal Relating to Prejudgment Interest ........ 9

    VII.  In 2017, the District Court Entered a Final Order and
          Judgment .......................................................................... 10

    VIII. In July 2020, Halo Filed a Belated Motion for Pre-
          Judgment Interest and a "Damages Trial," Which Was
          Denied by the District Court ............................................. 10

    IX.  Halo Appealed the District Court's 2021 Order and this
          Court Reversed .................................................................. 11

    X.    The District Court's Award of Prejudgment Interest.......... 12

SUMMARY OF THE ARGUMENT ....................................................12

    XI.   Pulse's Cross-Appeal (Case No. 2023-1966)....................................12

    XII.  Halo's Main Appeal (Case No. 2023-1772) ........................................13

ARGUMENT .......................................................................................13

    XIII. Halo's Failure to Prosecute Bars its Request for Prejudgment Interest..............................................................13

        A.     Standard of Review.......................................................14

        B.     The District Court Abused Its Discretion Where, Despite Finding that All Relevant Factors under Federal Rule of Civil Procedure 41(b) Favor Dismissal of Halo's Request for Prejudgment Interest, the District Court Awarded $1,294,006.62 in Interest..................................................................14

              1.   The district court found that the public interest favors dismissal of Halo's belated request for prejudgment interest ....................................15

              2.   The district court's need to manage its docket in a case that has been pending since 2007 favors dismissal of Halo's belated request for prejudgment interest ....................................16

              3.   The district court's factual findings establishing irreparable prejudice to Pulse and unreasonable delay by Halo are incongruent with the award of prejudgment interest..................................................................17

                    a.    Prejudice to Pulse ................................17

                    b.    Halo's Unreasonable Delay..................20

              4.   There are no lesser appropriate sanctions other than dismissal of Halo's request for prejudgment interest ....................................21

5.      Public policy supports dismissal of Halo's request for prejudgment interest .....................................22

C.      The Award of Prejudgment Interest Applies the Wrong Legal Standards, Which Separately Constitutes An Abuse of Discretion ..........................................23

1.      The district court abused its discretion by applying Nevada's statute instead of the treasury bill rate ...............................................................23

2.      The district court ignored the relevant period that the damages accrued ...............................................26

XIV.    The District Court Did Not Abuse Its Discretion in Holding that Halo Is Not Entitled to a New Trial Based on the 2018 U.S. Supreme Court *WesternGeco* Decision ........................27

A.      Standard of Review .....................................................28

B.      Halo's Request for a New Trial Was Properly Denied by the District Court as Untimely and for Halo's Failure to Prosecute Under Rule 41(b) .........................28

1.      Halo waived any challenge to the public interest factor ..................................................29

2.      The district court did not abuse its discretion in determining that the need to manage its docket supported dismissal of Halo's request for a "new trial" ...............................................................29

3.      The district court did not abuse its discretion in concluding that Pulse would sustain prejudice from allowing a new trial ...............................30

4.      The district court correctly determined that public interest favors bringing finality to the case and denying a new trial ...........................................32

5. The district court did not abuse its discretion in determining that no less drastic sanction exists other than denying Halo's request for a new trial on damages ......................................................33

C. The 2013 Trial Verdict Became Final in 2016 as to "International Damages" and Cannot Be Reopened, as a Matter of Law, for a New Trial Based on a 2018 Supreme Court Decision ............................................33

XV. The District Court Did Not Abuse Its Discretion in Denying Enhanced Damages and Attorney's Fees ............................36

A. Standard of Review ..................................................................36

B. The District Court Did Not Violate Halo's Seventh Amendment Rights and Correctly Applied the *Read* Factors ....................................................................................36

1. The district court did not violate Halo's Seventh Amendment rights ............................................37

2. The district court properly weighed the "overall circumstances" of the case to deny enhanced damages ..........................................41

3. The district court did not err in considering Pulse's legal opinion letters when determining whether to enhance damages......................44

CONCLUSION .......................................................................................48

# TABLE OF AUTHORITIES

## Cases

*Advanced Display Sys., Inc. v. Kent State Univ.*,
212 F.3d 1272 (Fed. Cir. 2000) ............................................................28

*Am. Nat'l Prop. And Casualty Co. v. Arbelaez*,
No. 11-616, 2012 Wl 13005332 (D. N. M. March 19, 2012) .............................35

*Anderson v. Air W., Inc.*,
542 F.2d 522 (9th Cir. 1976) ........................................................ 14, 20

*Bio-Rad Lab., Inc. v. Nicolet Instr. Corp.*,
807 F.2d 964 (Fed. Cir. 1986) ...........................................................25

*Briseno v. Henderson*,
998 F.3d 1014 (9th Cir. 2021) ...................................................... 14, 23

*Communications Test Design, Inc. v. Contec, LLC*,
952 F.3d 1356 (Fed. Cir. 2020) .................................................. 29, 31, 33

*Datascope Corp. v. Rudkin-Wiley Corp.*,
939 F.2d 1540 (Fed. Cir. 1991) ..........................................................24

*Galvan-Escobar v. Gonzales*,
151 F. App'x 327 (5th Cir. 2005) .........................................................35

*Gyromat Corp. v. Champion Spark Plug Co.*,
735 F.2d 549 (Fed. Cir. 1984) ..................................................... 25-26

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
No. 2:07-Cv-00331, 2021 Wl 1526390 (D. Nev. March 15, 2021) ....................11

*Halo Elecs., Inc. v. Bel Fuse, Inc.*,
No. 2:07-Cv-00331-Apg-Pal,
2023 Wl 2843537 (D. Nev. March 7, 2023) ............................................... *passim*

*Halo Elecs., Inc. v. Bel Fuse, Inc.*,
No. 2021-1861, 2022 Wl 1435382 (Fed. Cir. May 16, 2022)........... 12, 16, 18, 21

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ................................................................. *passim*

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  281 F. Supp. 3d 1087 (D. Nev. 2017) .................................................................10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  769 F.3d 1371 (Fed. Cir. 2014), *Vacated And Remanded*,
  136 S. Ct. 1923 (2016) .......................................................................................8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  831 F.3d 1369 (Fed. Cir. 2016) ....................................................................9, 41

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  857 F.3d 1347 (Fed. Cir. 2017) ..........................................................................9

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  579 U.S. 93 (2016) ...........................................................................................36

*Henderson v. Duncan*,
  779 F.2d 1421 (9th Cir. 1986) ...........................................................................20

*In Re Klus*,
  173 B.R. 51 (Bankr. D. Ct. 1994) ......................................................................35

*Ironburg Inventions Ltd. v. Valve Corp.*,
  64 F. 4th 1274 (Fed. Cir. 2023) ........................................................................40

*James B. Beam Distilling Co. v. Georgia*,
  501 U.S. 529 (1991) ..........................................................................................34

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.*,
  383 F.3d 1337 (Fed. Cir. 2004) .........................................................................46

*Laitram Corp. v. Nec Corp.*,
  115 F.3d 947 (Fed. Cir. 1997) ...........................................................................24

*Link v. Wabash R. Co.*,
  370 U.S. 626 (1962) ..........................................................................................16

*Litton Sys., Inc. v. Honeywell, Inc.*,
  87 F.3d 1559 (Fed. Cir. 1996) ...........................................................................28

*Medina v. Hinojosa*,
  850 F. App'x 590 (9th Cir. 2021) ................................................................ 15, 29

viii

*Morris v. Morgan Stanley & Co.*,
  942 F.2d 648 (9th Cir. 1991) ................................................................15

*Motorola, Inc. v. Interdigital Tech. Corp.*,
  121 F.3d 1461 (Fed. Cir. 1997) ............................................................28

*Nat'l Wildlife Federation v. Nat'l Marine Fisheries Serv.*,
  422 F.3d 782 (9th Cir. 2005) ................................................. 14, 16, 17

*Pagtalunan v. Galaza*,
  291 F.3d 639 (9th Cir. 2002) ........................................................ 15, 29

*Phillip Morris Usa v. Williams*,
  549 U.S. 346 (2007) ....................................................................... 45-46

*Polara Engineering Inc. v. Campbell Co.*,
  894 F.3d 1339 (Fed. Cir. 2018) ............................................................38

*Presidio Components, Inc. v. Am. Technical Ceramics Corp.*,
  875 F.3d 1369 (Fed. Cir. 2017) ....................................... 36, 38, 40, 41

*Protectus Alpha Nav. Co., Ltd. v. North Pacific Grain Growers, Inc.*,
  767 F.2d 1379 (9th Cir. 1985) ..............................................................46

*Rite Hite Corp. v. Kelley Co., Inc.*,
  56 F.3d 1538 (Fed. Cir. 1995) ..............................................................25

*Sensonics, Inc. v. Aerosonic Corp.*,
  81 F.3d 1566 (Fed. Cir. 1996) ..............................................................46

*Smith v. West*,
  11 Vet. App. 134 (1998) .......................................................................35

*Sociedad Espanola De Electromedicina Y Calidad, S.A. v.*
  *Blue Ridge X-Ray Co, Inc.*,
    No. 1:10-Cv-00159-Mr, 2016 Wl 7473422 (W.D. N.C. Dec. 28, 2016) .............38

*SRI Int'l, Inc. v. Cisco Systems, Inc.*,
  14 F.4th 1323 (Fed. Cir. 2021) ...................................................... 39, 40

*Stansell v. Revolutionary Armed Forces Of Colombia (Farc)*,
  No. 8:09-Cv-2308 (M.D. Fla. Feb. 26, 2013) .......................................35

*Torres v. Goodyear & Rubber Co.*,
    317 P.3d 828 (2014) ................................................................25

*Van Asdale v. Int'l Game Tech*,
    763 F.3d 1089 (9th Cir. 2014)...............................................24

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016) ..................................... 38, 40

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018)........................................38

*WesternGeco LLC v. Ion Geophysical Corp.*,
    138 S. Ct. 2129 (2018) ................................................. *passim*

*Williams v. City Of Tulsa*,
    No. 11-CV-469, 2014 Wl 2738425 (N.D. Ok. June 17, 2014)...........................35

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. VII ....................................... 36, 37, 39 40

## STATUTES

28 U.S.C. § 1295(a)(1) ...........................................................1

28 U.S.C. § 1961 ...................................................................24

Nev. Rev. Stat. § 17.130 ................................................ 2, 12, 23

## RULES

Fed. R. App. P. 4(a)(1)(A) ....................................................1

Fed. R. Civ. P. 1 ........................................................... 4, 17, 22

Fed. R. Civ. P. 41 ..............................................................2, 11

Fed. R. Civ. P. 41(b) ................................................... *passim*

Fed. R. Civ. P. 59(e)...........................................................11

Fed. R. Civ. P. 60(b) ..........................................................11

## STATEMENT OF RELATED CASES

There have been multiple prior appeals to this Court and to the U.S. Supreme Court, most of which are now closed. *See* Pulse's Filed Form9A, Notice of Related Case Information. The current two consolidated appeals [Case Nos. 2023-1772 (main appeal) and 2023-1966 (cross appeal)] are the only two pending appeals.

## JURISDICTIONAL STATEMENT

Pulse does not dispute Halo's jurisdictional statement for the main appeal.

As to Pulse's cross appeal, on March 27, 2023, the district court entered its Order (1) Granting Prejudgment Interest and (2) Directing Entry of Final Judgment. [Appx31]. On the same date, the district court entered its Judgment in a Civil Case. [Appx2554]. On April 14, 2023, Pulse timely cross appealed from the district court's Order and Judgment. [Appx2562-2563]. This Court has jurisdiction over Pulse's cross appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. § 1295(a)(1).

## STATEMENT OF ISSUES PRESENTED

I.    Does Halo's failure to prosecute for over 30 months bar its request for prejudgment interest, where the district court made the conclusive factual findings that Halo unreasonably delayed its renewed request for prejudgment interest and, in the time period Halo unreasonably delayed, Pulse was sold to an innocent third party that has nothing to do with this 16-year old case, such that Halo's unreasonable delay caused irreparable harm to Pulse.

II.    Assuming any amount of prejudgment interest can be awarded, whether the district court abused its discretion by: (1) awarding prejudgment interest under Nev. Rev. Stat. § 17.130 instead of the annual treasury bill rate; (2) accepting Halo's calculations that ignore the incremental nature of the damages period; and (3) permitting prejudgment interest into 2017 even though the Pulse satisfied the judgment and all post-judgment interest issues as of November 2016.

III.    Under well settled law, did the district court appropriately deny Halo's belated request for a new trial on "international damages" based on an alleged change of law long after the trial in this case and related appeals concluded and based on Halo's failure to prosecute under Fed. R. Civ. P. 41.

IV.    Did the district court properly exercise its discretion to hold that Pulse's infringement was not akin to a "pirate" and, as such, did not warrant enhanced damages or attorney's fees under the totality of the circumstances.

## **INTRODUCTION**

### I.    **The Cross Appeal (Case No. 2023-1966)**

The issue in Pulse's cross-appeal is whether the district court abused its discretion in awarding Halo $1,294,006.62 in prejudgment interest. For two reasons, this Court should reverse and remand.

First, the district court made the following conclusive factual findings: (1) Halo unreasonably delayed seeking prejudgment interest for over 30 months, and (2) the unreasonable delay resulted in irreparable prejudice to Pulse's new ownership. Yet, the district court awarded Halo a significant amount of prejudgment interest anyway (an amount that is approximately the total judgment Halo obtained at trial). Given the district court's findings of unreasonable delay and irreparable harm, the district court erred in awarding *any* amount of prejudgment interest instead of dismissing the remainder of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Second, even if any amount of prejudgment interest is permitted (which it is not), the district court applied an incorrect interest rate and damages period resulting in a grossly overstated prejudgment interest amount. Instead of applying the annual treasury bill rate, the district court applied Nevada's statutory interest rate without making the appropriate factual findings permitting use of the Nevada rate. And the district court failed to appreciate that under no circumstance is Halo

3

entitled to interest on the *entire* judgment amount from the inception of the case where the evidence at trial confirms that the infringement did not cause most of the damages until years later. Moreover, the district court erred in permitting interest into 2017 even though Pulse satisfied the judgment and all post-judgment interest issues as of November 2016 and Halo stipulated as much.

This case is 16 years old. It has been pending for so long that two district court judges have presided over the case, there have been multiple appeals to this Court, and even an appeal to the U.S. Supreme Court. This case is the opposite of a "just, speedy, and inexpensive determination" as required in all cases by Federal Rule of Civil Procedure 1. Halo's dilatory actions have prolonged this case significantly and prejudiced the innocent third-party purchasers of Pulse's assets.

In 2016, following a jury trial and entry of a final judgment, the U.S. Supreme Court vacated the final judgment on a single issue: whether the district court should award enhanced damages to Halo. After post-remand briefing, the district court in 2017 denied Halo's request for enhanced damages and attorney's fees and entered a "final" judgment, closing the case.

For over 30 months after the district court's decision and "final" judgment and closure of the case in 2017, Halo did nothing. Then, in 2020, Halo filed a motion for an award of prejudgment interest, a "new trial" on international damages purportedly based on a 2018 U.S. Supreme Court decision, and for other

relief. In the intervening time between the district court's 2017 "final" judgment and Halo's 2020 motion, Pulse was completely sold to an innocent third-party that has nothing to do with this case. The purchaser relied on the district court's 2017 "final" judgment and Halo's failure to appeal in making its decision to purchase Pulse's assets. The district court denied Halo's 2020 motion in its entirety, and Halo appealed to this Court.

In 2022, this Court reversed the district court's denial of Halo's 2020 motion, concluding that despite the district court labeling its 2017 judgment as "final" and closing the case, it did not constitute a final judgment because it did not dispose of Halo's request for prejudgment interest.[1] This Court instructed the district court to consider Halo's request on remand and determine whether Halo's failure to prosecute under Federal Rule of Civil Procedure 41(b) for approximately 30 months should bar any award of prejudgment interest.

On remand, the district court issued an order stating that the court was inclined to dismiss the request for prejudgment interest and the remainder of the case under Rule 41(b) for failure to prosecute. The district court gave Halo an opportunity to address the Rule 41(b) factors in supplemental briefing. Following the supplemental briefing, in 2023, the district court found that: (1) Halo's 30 month delay was unreasonable, and (2) Pulse was prejudiced because its new

---

[1] Pulse's innocent third-party purchasers had no way of ever knowing that a district court's judgment labelled "final" was not truly a "final judgment."

5

owners have nothing to do with this case and are now responsible for prejudgment interest. Nevertheless, the district court awarded Halo $1,294,006.62 in prejudgment interest, purportedly a "limited" amount that balances the prejudice to Pulse, the unreasonable delay, and Halo's entitlement to prejudgment interest. But this "limited" amount of prejudgment interest is almost 100% of the $1,500,000 judgment amount itself.

The district court abused its discretion, and its award of prejudgment interest to Halo must be reversed entirely.

## II.    The Main Appeal (Case No. 2023-1772)

In the main appeal, Halo challenges the district court's denial of *additional* prejudgment interest, the denial of Halo's request for a new trial on "international damages," and the denial of enhanced damages and attorney's fees. This Court should affirm the district court's decisions on these issues.

First, for the reasons set forth in Pulse's cross-appeal, the district court abused its discretion in awarding *any* amount of prejudgment interest, and, even if prejudgment interest is permitted, the district court applied the wrong legal standards resulting in a grossly overstated prejudgment interest amount. Therefore, Halo's appeal seeking even *more* prejudgment interest must be rejected.

Second, the district court appropriately denied Halo's belated request for a new trial on "international damages" based purportedly on a 2018 U.S. Supreme

Court decision. A judgment in this case was entered on most issues in 2013, following a jury trial and appeals to this Court. That judgment was vacated by the U.S. Supreme Court *only* for a determination of whether to award enhanced damages, nothing else. The district court's summary judgment decision disposing of Halo's request for international damages was affirmed in its entirety. A 2018 U.S. Supreme Court decision does not provide grounds for a brand-new trial on issues that were long ago decided and finalized, including on appeal. And, in any event, Halo improperly delayed for approximately over two years after the 2018 U.S. Supreme Court decision to even ask for a new trial. This delay alone precludes Halo's request for a new trial due to its failure to prosecute.

Finally, the district court appropriately determined that Pulse's actions were not akin to a "pirate" to justify an award of enhanced damages or attorney's fees when considering the totality of the circumstances. The district court did not abuse its discretion in applying the appropriate factors and applicable case law to deny enhanced damages and attorney's fees.

For these reasons, which are explained in more detail below, this Court should reverse the district court's March 27, 2023 award of prejudgment interest in its entirety in Pulse's cross-appeal (Case No. 2023-1966) and remand to the district court with instructions to dismiss Halo's request for prejudgment interest for failure to prosecute. Alternatively, the Court should reverse and remand to the

district court for a reduction of prejudgment interest using the appropriate interest rate and damages period. Aside from reversing the district court's decision on prejudgment interest for the reasons stated, this Court should affirm on the issues raised in Halo's main appeal (Case No. 2023-1772).

## CONCISE STATEMENT OF THE CASE

### III.    The District Court's 2013 Final Judgment Following a Jury Trial

Halo filed this patent infringement case over 16 years ago, on March 15, 2007. [Appx200-273].

In 2011, the district court decided summary judgment motions, including dismissing Halo's request for damages resulting from alleged foreign activities under well-settled precedent. [Appx435-485].

In November 2012, a 12-day jury trial occurred. [Appx1705-2420]. On May 28, 2013, following the jury trial, the district court entered a final judgment on all outstanding matters, in accordance with the jury's verdict, and following adjudication of post-trial motions, including the denial of Halo's request for enhanced damages. [Appx531-541; Appx19].

### IV.    In 2014, this Court Affirmed the District Court's 2013 Judgment

On October 22, 2014, this Court affirmed the district court's judgment in its entirety. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371 (Fed. Cir. 2014), *vacated and remanded*, 136 S. Ct. 1923 (2016).

8

**V.    In 2016, the Supreme Court Vacated the Judgement on One Issue: Consideration of Enhanced Damages Under a New Standard of Review**

In 2016, the Supreme Court vacated this Court's decision only as it relates to the issue of enhanced damages. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).   The Supreme Court set forth a new test to determine whether enhanced damages are appropriate under the "totality of the circumstances."   On remand, this Court again affirmed the district court's judgment, except for remanding the case to the district court to reconsider the sole issue of whether to impose enhanced damages under the new Supreme Court test. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369 (Fed. Cir. 2016).

**VI.   Pulse's 2017 Appeal Relating to Prejudgment Interest**

Separately, in 2017, Pulse appealed the district court's decision relating to prejudgment interest.   The district court determined that Halo was entitled to prejudgment interest but had not imposed any specific amount.   On May 26, 2017, this Court dismissed Pulse's appeal for lack of jurisdiction. The Court explained that Pulse's appeal was premature because the district court had not yet imposed any specific prejudgment interest against Pulse, so there was nothing substantively for Pulse to appeal. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 857 F.3d 1347 (Fed. Cir. 2017).   Following this Court's dismissal of Pulse's appeal for lack of jurisdiction, Halo did not take any action in the district court to seek an award of

prejudgment interest until almost three (3) years after a final judgment entered, as explained below.

## VII.  In 2017, the District Court Entered a Final Order and Judgment

Following the U.S. Supreme Court's decision on enhanced damages, and on remand from this Court for consideration of whether the district court should impose enhanced damages, Halo filed a motion for an award of enhanced damages and attorneys' fees.  [Appx756-1104].  On September 6, 2017, the district court denied Halo's motion in its entirety.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 281 F. Supp. 3d 1087 (D. Nev. 2017).  The district court analyzed in detail the factors relevant to whether to award enhanced damages and attorney's fees and determined that both were inappropriate under the "totality of the circumstances." Halo did not file a timely appeal from the district court's 2017 decision.

## VIII. In July 2020, Halo Filed a Belated Motion for Pre-Judgment Interest and a "Damages Trial," Which Was Denied by the District Court

Approximately three (3) years after the district court entered its 2017 final judgment closing the case, on July 30, 2020, Halo filed a motion entitled, "Halo Electronics, Inc.'s Motion for a Pre-Judgment Interest Award and Damages Trial." [Appx1615-1658].  Halo argued that the district court should: (a) issue an award of prejudgment interest; and (b) hold a new damages trial for alleged foreign damages based on a purported 2018 change of law announced by the U.S. Supreme Court in *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018).

After full briefing, the district court denied Halo's motion. *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. 2:07-cv-00331, 2021 WL 1526390 (D. Nev. March 15, 2021). The district court explained that: (a) Halo's motion was untimely; (b) if Halo believed an issue remained unresolved after the district court entered its final order and judgment, it should have brought the issue to the court's attention immediately in 2017, not three (3) years later; (c) Halo's motion was effectively a motion to alter, amend, or obtain relief from an order and judgment, and it was not timely under Federal Rules of Civil Procedure 59(e) and 60(b); and (d) there was no basis under the law to reopen the long ago closed case for a new damages trial. *Id.* The district court further explained that "[t]he parties are entitled to rely on court judgments and move on with their affairs. Indeed, defendant Pulse Electronics was sold in 2018. Reopening this case and conducting another trial would be unfair to Pulse and contrary to the goal of finality of judgments." *Id.* at *1.

## IX.    Halo Appealed the District Court's 2021 Order and this Court Reversed

Halo appealed the district court's 2021 decision to this Court, arguing that the 2017 "final" order that "closed" the case was not truly final because it did not dispose of Halo's prior request for prejudgment interest. This Court agreed and reversed the district court's decision, remanding to the district court to exercise its discretion to determine whether to award any prejudgment interest or to deny it entirely for failure to prosecute under Federal Rule of Civil Procedure 41. *Halo*

*Elecs., Inc. v. Bel Fuse, Inc.*, No. 2021-1861, 2022 WL 1435382, at *3 (Fed. Cir. May 16, 2022).

## X.    The District Court's Award of Prejudgment Interest

On remand, the district court found that Halo unreasonably delayed its request for prejudgment interest and that the unreasonable delay caused prejudice to Pulse's new ownership that was not involved in this 2007 case. *Halo Elecs., Inc. v. Bel Fuse, Inc.*, No. 2:07-cv-00331-APG-PAL, 2023 WL 2843537, at *1 (D. Nev. March 7, 2023). Yet, despite these findings, the district court awarded Halo $1,294,006.62 in prejudgment interest, which is purportedly a "limited" amount that takes into consideration the unreasonable delay and prejudice. This "limited" amount of prejudgment interest almost totals the $1,500,000 judgment itself. This appeal and cross-appeal followed.

## SUMMARY OF THE ARGUMENT

## XI.    Pulse's Cross-Appeal (Case No. 2023-1966)

The district court erred in awarding any amount of prejudgment interest.

First, Halo's request for prejudgment interest is barred by its failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Second, the district court abused its discretion by applying the wrong legal standards in: (1) awarding prejudgment interest under Nev. Rev. Stat. § 17.130

instead of the annual treasury bill rate; (2) accepting Halo's calculations that ignore the incremental nature of the damages period; and (3) permitting interest into 2017.

## XII.  Halo's Main Appeal (Case No. 2023-1772)

Halo's main appeal lacks merit.

First, the district court did not abuse its discretion by denying Halo's belated request for a new trial on "international damages."

Second, the district court properly exercised its discretion to determine that Halo is not entitled to enhanced damages and attorney's fees.  The district court appropriately determined that Pulse's actions were not akin to a "pirate" to justify enhanced damages or attorney's fees under the "totality of the circumstances."

Finally, aside from the legal errors raised in Pulse's cross-appeal from the district court's award of prejudgment interest, the district court properly denied Halo's request for *additional* prejudgment interest.

## ARGUMENT

## XIII. Halo's Failure to Prosecute Bars its Request for Prejudgment Interest

This Court should reverse the district court's award of prejudgment interest in its entirety.  Halo's failure to prosecute bars its request for prejudgment pursuant to Federal Rule of Civil Procedure 41(b).  Given that the district court's conclusive factual findings as to each of the Rule 41(b) factors favor dismissal of Halo's request for prejudgment interest, the district court's imposition of any amount of

13

prejudgment interest constitutes an abuse of discretion that must be reversed. Alternatively, the Court should revere because the district court applied the wrong legal standards leading to a grossly inflated award of prejudgment interest.

### A.    Standard of Review

A district court's determination that a case should be dismissed for failure to prosecute under Rule 41(b) is reviewed for an abuse of discretion. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "An abuse of discretion is 'a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found.'" *Nat'l Wildlife Federation v. Nat'l Marine Fisheries Serv.*, 422 F.3d 782, 798 (9th Cir. 2005) (citation omitted). An abuse of discretion also occurs where the district court applies the wrong legal standard or bases its decision on unreasonable findings of fact. *Briseno v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021).

### B.    The District Court Abused Its Discretion Where, Despite Finding that All Relevant Factors under Federal Rule of Civil Procedure 41(b) Favor Dismissal of Halo's Request for Prejudgment Interest, the District Court Awarded $1,294,006.62 in Interest

In determining whether to dismiss an action for want of prosecution under Federal Rule of Civil Procedure 41(b), a district court considers the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). The district court weighed these factors, effectively concluding that each of them favor dismissing Halo's request for prejudgment interest for failure to prosecute. Yet, the district court awarded Halo a significant amount of prejudgment interest anyway, which almost totals the entire $1,500,000 judgment. The district court's decision is an abuse of discretion.

### 1. The district court found that the public interest favors dismissal of Halo's belated request for prejudgment interest

The "public's interest in expeditious resolution of litigation always weighs in favor of dismissal." *Medina v. Hinojosa*, 850 F. App'x 590, 591 (9th Cir. 2021) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal quotation marks omitted)). The district court appropriately determined that the public interest favors dismissal of Halo's belated request for prejudgment interest. *Halo Elecs.*, 2023 WL 2843537, at *2. The district court reasoned that, "[t]he case is now almost exactly 16 years old, with trips to the Federal Circuit and the Supreme Court. More to the point here, the issue of prejudgment interest has lingered for almost six years since I ruled that Halo was entitled to it and ordered the parties to try to agree on an amount." *Id.* In addition, Halo conceded that this factor "cuts in favor of applying Rule 41(b)." [Appx2485].

15

The district court made the necessary factual findings that the public interest favors dismissal of Halo's request for prejudgment interest. Thus, this factor favors dismissal of Halo's request for prejudgment interest, not the significant imposition of prejudgment interest by the district court.

> ### 2. The district court's need to manage its docket in a case that has been pending since 2007 favors dismissal of Halo's belated request for prejudgment interest

As this Court recognized, "Rule 41(b) does not limit 'the power of the courts acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Halo Elecs.*, 2022 WL 1435382, at *3 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). In remanding this case, this Court explained that, "Halo could have notified the district court of the omission of the pre-judgment interest issue promptly after the September 2017 orders were entered, but it did not." *Id.*

On remand, the district court recognized that, "[t]his case has consumed considerable resources of this court over the past 16 years." *Halo Elecs.*, 2023 WL 2843537, at *2. Yet, the district court stated that "I can resolve the prejudgment interest issue now without significant additional effort. . . ." *Id.* The district court's conclusion, despite the finding that the case has consumed considerable resources over the past 16 years, is "clearly against the logic and effect of the facts as are found." *Nat'l Wildlife Federation*, 422 F.3d at 798. The fact that the district

court could "resolve the prejudgment interest issue now without significant additional effort" does not change that keeping this case on the district court's calendar from 2017 until 2023 is contrary to the district court's need to manage its docket and the expeditious resolution of cases as required by Federal Rule of Civil Procedure 1.  By stating the ease in which the district court could now "resolve" the prejudgment interest issue without addressing how long the case had been pending on the district court's docket, including inactive for almost three years, the district court failed to appropriately apply this factor and abused its discretion.

### 3. The district court's factual findings establishing irreparable prejudice to Pulse and unreasonable delay by Halo are incongruent with the award of prejudgment interest

The district court also made the requisite factual findings that confirm Pulse will sustain irreparable harm from *any* award of prejudgment interest and that Halo unreasonably delayed its request for prejudgment interest.  The district court, therefore, abused its discretion by awarding *any* amount of prejudgment interest. In other words, the district court's legal conclusion is not in line with its factual findings, and, as such, the conclusion is "clearly against the logic and effect of the facts as are found." *Nat'l Wildlife Federation*, 422 F.3d at 798.

### a. Prejudice to Pulse

Prior to deciding whether to award prejudgment interest, the district court explained that Pulse would be prejudiced if further proceedings continued after the

case was dormant for approximately three (3) years. The district court explained: "This case is 14 years old and judgment was entered three years ago. The parties are entitled to rely on court judgments and move on with their affairs. Indeed, defendant Pulse Electronics was sold in 2018. Reopening this case and conducting another trial would be unfair to Pulse and contrary to the goal of finality of judgments." Appx10. In other words, the district court clearly found that the impact and prejudice on Pulse's new ownership, which has nothing to do with this original lawsuit, is significant and irreparable.

This Court also explained that "Halo could have notified the district court of the omission of the pre-judgment interest issue promptly after the September 2017 orders were entered, but it did not." *Halo Elecs.*, 2022 WL 1435382, at *3, n.1. The prejudice that resulted from Halo's actions were self-created based on its dilatoriness.

Despite these findings, however, in adjudicating the request for prejudgment interest, the district court determined that the new Pulse "purchasers assumed the risk that additional litigation (and related fees, costs, and potential damages) could arise" because they "purchased the company while the case was on appeal." *Id.* at p. 4. The district court erred in reaching this erroneous factual conclusion based on a miscomprehension of the evidence. The case was *not* on appeal at the time the

new owners purchased Pulse; it had been dismissed by a "final" order and judgment of the district court in 2017 and was closed for over one year.

The purchase transaction under which Pulse's current (and unrelated) ownership purchased Pulse began in *May 2018* and was completed in *December 2018*. Appx2518-2519. There was no appeal pending in this Court at that time (neither in May 2018 when the transaction began or by December 2018 when the transaction finished). Indeed, the case had been closed by the district court over a year earlier in September 2017, with absolutely no action from Halo taken after that date. It was not until April 2020, approximately two years after the transaction and approximately three years after the district court "closed" the case through what it termed a "final judgment," that Halo filed its motion in the district court seeking an award of prejudgment interest. Appx1615-1635. That motion was not decided until a year later, Appx9-10, and Halo's appeal was not filed until April 8, 2021, approximately three years after the completed transaction. Appx1703-1704.

Because the district court's conclusion is based on an erroneous factual finding, and the district court has already otherwise concluded that Pulse sustained irreparable prejudice to its new ownership because of Halo's dilatory conduct, the district court's conclusion on this factor constitutes an abuse of discretion.

### b.    Halo's Unreasonable Delay

The district court also found that "Halo unreasonably delayed its renewed request for prejudgment interest." *Halo Elecs.*, 2023 WL 2843537, at *1. The district court further explained that "Halo knew about the missing interest and intended to raise it with the court for over 30 months but failed to do so. Halo could and should have notified the court of this open issue. It unreasonably delayed notifying me about the prejudgment interest issue." *Id.* (footnote omitted).

The district court's factual finding of unreasonable delay should have also resulted in denial of Halo's request for prejudgment interest, especially combined with the significant prejudice the district court found Pulse sustained from the unreasonable delay, and the district court's misapplication of the evidence as to when the transaction by Pulse's new ownership concluded.

Unreasonable delay, standing alone, justifies dismissal of any remaining issues in a case, including Halo's request for prejudgment interest. As the Ninth Circuit has explained:

> This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. [citations omitted]. The law presumes injury from unreasonable delay. [citation omitted].

*Anderson*, 542 F.2d at 524. *See also, Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In remanding this matter, this Court explained that the district

court was free to dismiss the request for prejudgment interest for failure to prosecute. *Halo Elecs.*, 2022 WL 1435382, at \*3. The district court abused its discretion by awarding prejudgment interest given the unreasonable delay.

### 4.     There are no lesser appropriate sanctions other than dismissal of Halo's request for prejudgment interest

Given the procedural history of this case and the fact that Pulse was sold in 2018 to a good faith purchaser, there are no less drastic alternatives other than dismissal of Halo's belated request for prejudgment interest. Any other course of action would not remedy the significant prejudice Pulse will suffer (and which it has already sustained and will continue to sustain). Pulse's new ownership has already had to bear the unnecessary costs, fees, and expenses resulting from Halo's inexcusable delay, including in the district court and this Court. No other less drastic sanction could possibly remedy the impact that Halo's dilatory actions have caused to date, and which would continue to result from any additional proceedings in this case.

The district court found that "there is no less drastic sanction than denial regarding Halo's request for a new damages trial," but that awarding prejudgment interest through 2017 is a "fair resolution." *Halo Elecs.*, 2023 WL 2843537, at \*3. The same reasons that there are no less drastic sanctions than denying Halo's request for a new trial exist as to Halo's request for prejudgment interest. Finding that an award of prejudgment interest that almost totals the entire judgment is a

21

"fair resolution" cannot be squared with the prejudice and unreasonable delay the district court determined occurred because of Halo's actions.

### 5.    Public policy supports dismissal of Halo's request for prejudgment interest

The district court found that "[a]warding [prejudgment] interest now facilitates resolution of the case on the merits." *Halo Elecs.*, 2023 WL 2843537, at *2. This is the full extent of the district court's rationale on the public policy factor. However, the district court's decision ignores that, by doing nothing for three years, any interest Halo had in obtaining a decision on the merits dissipated and is outweighed by Pulse's interest in finality and the district court's interest in expeditiously and economically managing cases on its docket. The public has an interest in the speedy and expeditious disposition of cases. Indeed, Federal Rule of Civil Procedure 1 mandates that our Federal Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The public has an interest in ensuring that the Federal Rules are followed. Allowing Halo to proceed in such a dilatory manner is harmful to the public's interest in the speedy and expeditious disposition of cases, which outweighs any interest Halo has in seeking a decision on the merits.

In addition, the public has an interest in ensuring that good faith purchasers of companies, such as Pulse's new ownership in 2018, can rely on decisions by district courts that are expressly termed "final" and "closed" without any appeal.

In sum, for the reasons set forth above, the district court abused its discretion in allowing what it construed as a "limited" amount of prejudgment interest. The district court should have denied prejudgment interest in its entirety for Halo's failure to prosecute under Rule 41(b). The district court abused its discretion by making factual findings that are incongruent with its legal conclusions, and by miscomprehending the factual evidence presented. This Court should reverse and remand with instructions to vacate the award of prejudgment interest in its entirety.

### C.     The Award of Prejudgment Interest Applies the Wrong Legal Standards, Which Separately Constitutes An Abuse of Discretion

The district court's award of prejudgment interest is also an abuse of discretion because it fails to apply the correct legal standards. *Briseno*, 998 F.3d at 1022. The district court erred by: (1) awarding prejudgment interest under Nev. Rev. Stat. § 17.130 instead of the annual treasury bill rate; (2) accepting Halo's calculations that ignore the incremental nature of the damages period; and (3) permitting interest into 2017 even though the Pulse satisfied the judgment and all post-judgment interest issues as of November 2016.

1.     **The district court abused its discretion by applying Nevada's statute instead of the treasury bill rate**

The district court awarded prejudgment interest under the Nevada interest statute. However, the Nevada statute is not the appropriate mechanism for awarding prejudgment interest in this *federal* patent case (especially considering Halo's unexplainable delay). As a general matter, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest." *Van Asdale v. Int'l Game Tech*, 763 F.3d 1089, 1093 (9th Cir. 2014) (citation and quotation marks omitted). There is no basis in this case to permit prejudgment interest under the Nevada statute as opposed to § 1961.

Any pre-judgment interest should apply the annual treasury bill rate ("T-bill" rate), not the Nevada statute. *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997) (affirming use of T-bill rate); *Datascope Corp. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (same). Where there is no evidence that the patent holder would have borrowed money at a higher rate or any causal connection between any borrowing and the loss of use of money awarded because of the infringement, the appropriate pre-judgment interest rate is the T-bill rate. *Laitram Corp.*, 115 F.3d at 955. Here, Halo failed to offer any evidence that it would have borrowed money at a higher rate, or which would justify using the higher rate, nor is there any causal connection between any such borrowing and the loss of use of money awarded because of the infringement. The opposite is true:

24

the district court already determined that Halo unreasonably delayed its request for prejudgment interest such that Halo cannot be rewarded with a higher interest rate. The district court should have, therefore used the T-bill rate.

Using the Nevada statute resulted in a windfall to Halo—even ignoring Halo's dilatory actions that harmed Pulse's new ownership—which is contrary to the policy underlying pre-judgment interest awards, "to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Bio-Rad Lab., Inc. v. Nicolet Instr. Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). It was Halo's burden, as the party requesting prejudgment interest, to establish that the Nevada statute should apply because Halo would have otherwise obtained such interest. Halo did not do so.

Moreover, the district court erred in holding that the prejudgment interest award should be compounded annually under the Nevada statute. The Nevada statute is not intended to be used with compounding, and so simple interest should be used applying the annual treasury bill rate. *Torres v. Goodyear & Rubber Co.*, 317 P.3d 828, 829 (2014) (explaining that the Nevada statute does not "authorize compound interest" and "only allows for the award of simple interest on judgments."). *See also, Rite Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995) (*en banc*) (district court did not abuse its discretion in awarding prejudgment interest at a simple rate rather than a compound rate); *Gyromat Corp.*

25

*v. Champion Spark Plug Co.*, 735 F.2d 549, 557 (Fed. Cir. 1984) (prejudgment interest may be awarded at a simple rate rather than a compound rate).

Applying the appropriate T-bill interest rate and incremental damages during the infringement period, the appropriate prejudgment interest (if any) totals $54,923.31, see Appx2540-2553, not the significantly higher $1,294,006.62 awarded by the district court. Indeed, because of the erroneous interest rate and failure to consider the incremental nature of the damages, the higher amount awarded by the district court results in pre-judgment interest that almost equals the entire $1,500,000 judgment itself.

### 2. The district court ignored the relevant period that the damages accrued

The district court also erred by awarding pre-judgment interest that assumes the total amount of damages was due to Halo by March 15, 2007. Pulse's activities that were found to infringe did not occur by March 15, 2007. Instead, the damages were incremental, see Appx713-714; Appx2540-2553, and, as such, any pre-judgment interest must be based only on the incremental amount at every stage of the damages period as opposed to using the $1,500,000 jury award throughout the entire period. Pulse proposed alternative pre-judgment interest calculations that considered the incremental amount throughout the damages period, as opposed to Halo's calculations that assumes the entire judgment amount should be applied throughout the entire pre-judgment period. Appx713-714; Appx2540-2553. The

district court erred by failing to address the alternative calculations or explain why it was proper to ignore the incremental nature of damages and simply assume that damages were all incurred at the outset of the case. Failing to address these facts and alternative calculations in their entirety is necessarily an abuse of discretion.

In addition, in late November 2016, after the previous owners of Pulse paid the entire $1,500,000 judgment and all post-judgment interest, the parties *stipulated* that the judgment amount and post-judgment interest issues were all resolved, and the district court entered the stipulation as an order of the court. Appx2574-2576. Accordingly, the district court: (1) erred in awarding prejudgment interest going into 2017; and (2) erred in holding that post judgment interest would continue to accrue after the entry of the "new" final judgment.

In sum, even if the district court could award *any* amount of prejudgment interest, which it should not, the district court erred in applying the legal standards applicable to prejudgment interest. This provides an alternative basis for reversal.

## XIV. The District Court Did Not Abuse Its Discretion in Holding that Halo Is Not Entitled to a New Trial Based on the 2018 U.S. Supreme Court *WesternGeco* Decision

In 2018, the U.S. Supreme Court decided *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018). Over two years *after* this decision, five years after the trial in this case concluded, and three years after the district court closed this case through what it termed a "final" judgment, Halo asked the

district court to hold a new damages trial based on *WesternGeco*. The district court appropriately denied Halo's belated request and did not abuse its discretion.

### A.    Standard of Review

This Court reviews the denial of a new trial for an abuse of discretion. *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461 (Fed. Cir. 1997); *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1284 (Fed. Cir. 2000); *Litton Sys., Inc. v. Honeywell, Inc.*, 87 F.3d 1559, 1576 (Fed. Cir. 1996).

### B.    Halo's Request for a New Trial Was Properly Denied by the District Court as Untimely and for Halo's Failure to Prosecute Under Rule 41(b)

The district court did not abuse its discretion in denying Halo's request for a new trial as untimely and for failure to prosecute. The *WesternGeco* decision Halo relies on was decided on June 22, 2018—over two years before Halo asked for a "new trial," over five years after the trial in this case already concluded, and over three years after the district court closed this case. If Halo believed *WesternGeco* entitled it to a "damages trial" over five years after the trial of this case, it should have immediately filed a motion after *WesternGeco* was decided instead of waiting over two years later, in 2020, to do so. In other words, by waiting over two years, Halo waived any purported rights to a "damages trial" created by *WesternGeco*. Appx6 at n.3. Relatedly, Halo's failure to prosecute bars its request. Appx1-7.

### 1.     Halo waived any challenge to the public interest factor

The district court correctly determined that a "new trial on additional damages . . . would further delay this already lengthy case," and that the public's interest in expeditious resolution favors dismissal of the request for a new trial. Appx3-4 (citing *Pagtalunan*, 291 F.3d at 642). Halo's opening brief does not address this finding. *See Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1363 n.4 (Fed. Cir. 2020) ("It is well established that an issue not raised by an appellant in its opening brief is waived.") (citations omitted).

### 2.     The district court did not abuse its discretion in determining that the need to manage its docket supported dismissal of Halo's request for a "new trial"

The district court correctly determined that the need to manage its docket favors dismissal of the request for a new trial because "conducting another trial on additional damages would add to this court's already busy docket." Appx4. The district court is in the best position to make this determination, not Halo. *Medina v. Hinojosa*, 850 F. App'x 590, 591 (9th Cir. 2021). The district court did not abuse its discretion by holding that the need to manage its docket supported dismissal for failure to prosecute Halo's request for a damages trial years after the original trial concluded and years after the U.S. Supreme Court decision Halo relies on for its request for a new trial.

Halo argues that the district court abused its discretion because "[a] court cannot have full freedom to use the unwritten rules of administrative closure to take a case off-line, and then push onto a party undisclosed mistakes that it makes when it does so." Halo's Opening Br., at p. 41. But Halo continues to refer to the district court's closure of the case in 2017 as an "administrative closure," even though the district court explained, yet again, that its closure of the case was not an "administrative closure." Appx3 at n.2. And Halo fails to recognize that nothing prevented Halo from alerting the district court immediately in 2018 that *WesternGeco* was decided. Indeed, nothing stopped Halo from filing its belated motion in 2020, so it could have done the exact same thing in 2018. Whether or not Halo believed this case was "administratively closed," Halo had the authority to file whatever document it wanted to file after *WesternGeco* was decided.

Simply put, the district court did not abuse its discretion by determining that the impact to its docket by conducting a new trial on damages supported dismissal of Halo's request for a new trial.

### 3. The district court did not abuse its discretion in concluding that Pulse would sustain prejudice from allowing a new trial

Given the significant prejudice Pulse already sustained, the trial court did not abuse its discretion in finding that a new trial would result in significant additional prejudice. The trial court correctly determined that Pulse's new ownership is not in possession of any of the documents, evidence, witnesses, or

institutional knowledge necessary to defend a new trial. Appx5. The trial court also correctly determined that "it is likely that another trial would create the need for additional discovery and expert witnesses. Even new discovery may not be sufficient as some of the acts giving rise to this lawsuit occurred over 20 years ago, and witnesses' memories no doubt have diminished." *Id.*

Halo's only argument in response is that there is no "evidentiary prejudice" because a new trial can occur "off the already-generated record." Halo's Opening Br. at p. 40. First, Halo ignores the trial court's finding that Pulse's new ownership would be prejudiced because it does not possess any of the documents, evidence, witnesses, or institutional knowledge of the case, and, therefore, has waived any challenge to this aspect of the district court's factual findings. *Communications Test Design, Inc.*, 952 F.3d at 1363 n.4.

Second, Halo is simply wrong that a "new trial" could occur solely from "the already-generated record." The district court has discretion to allow additional discovery and has already indicated that another trial "would create the need for additional discovery and expert witnesses." Appx5. This is especially true given that Pulse's new ownership has never had an opportunity to conduct discovery in the first instance or otherwise defend itself and, as explained, relied on the fact that this case had been closed for several years when moving forward with the purchase of Pulse's assets. Forcing Pulse to proceed to trial under the "already-generated record" under

31

these circumstances would amount to significant additional prejudice. The district court, therefore, did not err in finding that a new trial would create the need for additional discovery, including expert witnesses.

### 4. The district court correctly determined that public interest favors bringing finality to the case and denying a new trial

As the district court correctly recognized, all issues were decided in this case when the district court entered its final judgment in 2017, except for the "overlooked prejudgment interest." Appx5. Therefore, while public interest favors decisions on the merits, it also equally favors bringing finality to a case. The district court did not abuse its discretion in determining that finality interests outweigh Halo's belated request for a new trial on international damages. This is especially true here, where the district court recognized that Halo could have immediately asked for a new trial after *WesternGeco* was decided in 2018, but instead waited over two years to request a new trial. And as explained, as to the international damages, that aspect of the district court's decision was final in *2013* and was not disturbed by this Court.

Halo argues that it could not raise the issue of a new trial immediately after *WesternGeco* was decided because "the case was closed." Halo's Opening Br. at p. 41. But nothing prevented Halo from immediately filing a motion, just as it did over two years later, immediately after *WesternGeco* was decided. Halo, likewise, could have filed a notice on the docket indicating that, despite Halo's unstated

belief that the case was "administratively closed," Halo wanted to alert the district court of *WesternGeco* and its belief that it should receive a new trial on international damages. Halo failed to do any of this.

> **5.    The district court did not abuse its discretion in determining that no less drastic sanction exists other than denying Halo's request for a new trial on damages**

Finally, the district court appropriately determined that there were no less drastic sanction other than denying Halo's belated request for a new trial on damages. Halo does not address this finding, and, therefore, has waived any challenge to it. *Communications Test Design, Inc.*, 952 F.3d at 1363 n.4.

> **C.    The 2013 Trial Verdict Became Final in 2016 as to "International Damages" and Cannot Be Reopened, as a Matter of Law, for a New Trial Based on a 2018 Supreme Court Decision**

Aside from Halo's failure to prosecute, Halo's request for a damages trial was also properly denied as untimely under controlling precedent. When the Supreme Court announces a "new legal principal,"[2] it has *potential* retroactive impact, but *only* on cases that have *not yet been finally decided*, and which remain pending. Supreme Court precedent on this is clear: "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." *Hyde*, 514 U.S. at 758 (citation omitted). Here, Halo lost on the issue it seeks a "damages trial" at

---

[2] Halo has not established that the Supreme Court's decision announced any new principle of law in the first place. This is yet another reason to affirm the district court's decision denying Halo's belated request for a new trial.

the summary judgment stage. That portion of the district court's 2013 judgment was affirmed by this Court in 2016. Nothing has changed except for this Court finding that the district court needed to address prejudgment interest. A 2018 Supreme Court decision cannot reopen a 2013 judgment that, in pertinent part, was affirmed by this Court in 2016. Where the Supreme Court announces a new legal principle[3], interests of finality trump the new rule, meaning that closed cases cannot be reopened to apply the new rule. *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 542 (1991) ("Finality must . . . delimit equality in a temporal sense, and we must accept as a fact that the argument for uniformity loses force over time."). Here, the issue of international damages was closed in 2016 when this Court affirmed the district court's judgment.

Halo does not cite to any case law that allows reopening an issue that was disposed of in a final judgment and affirmed by this Court. As explained, Supreme Court precedent is clear that, even when the Supreme Court announces a "new" legal principle, there is no basis to retroactively set aside final judgments and allow new trials. Halo does not cite to any case that applies *WesternGeco* to a case where summary judgment was decided in 2013, trial occurred, and the summary judgment decision was affirmed by this Court in 2016. Nor does Halo cite to any case that stands for the proposition that a final judgment on international damages

---

[3] As explained, Halo has not established the Supreme Court announced a new principle of law in the first place.

34

can be set aside, and that a "damages trial" can be scheduled years later, based on *WesternGeco*.

Courts around the country universally hold that, where the Supreme Court announces a new legal principle, it cannot "open" a door that is "already closed" or otherwise allow a party to maintain a procedurally barred claim. When a decision becomes "final" and "non-appealable," *res judicata* attaches, and even a later Supreme Court decision cannot open a door already forever closed. *See, e.g.*, *Galvan-Escobar v. Gonzales*, 151 F. App'x 327, 331 (5th Cir. 2005) (the "established principle that 'a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule'" prevents reopening an already-adjudicated issue); *Williams v. City of Tulsa*, No. 11-CV-469, 2014 WL 2738425, at *3 (N.D. Ok. June 17, 2014) (alleged new principle of law does not revive a time-barred claim); *Stansell v. Revolutionary Armed Forces of Colombia (Farc)*, No. 8:09-cv-2308 (M.D. Fla. Feb. 26, 2013) (alleged new principle of law could not be used to reopen case); *Smith v. West*, 11 Vet. App. 134, 137–38 (1998) (new legal principle does not apply to case that was not pending on direct review at the time the new principle was announced); *Am. Nat'l Prop. And Casualty Co. v. Arbelaez*, No. 11-616, 2012 WL 13005332, at *6 (D. N. M. March 19, 2012) (retroactive application of decision cannot reopen final judgment); *In re Klus*, 173 B.R. 51, 56–57 (Bankr. D. Ct. 1994) (new decision cannot reopen case closed by

final judgment, where res judicata applies). This case is no different. Halo's door on this issue has already been forever closed when the issue of international damages was decided by the district court and affirmed by this Court, and cannot be revived by *WesternGeco*.

## XV. The District Court Did Not Abuse Its Discretion in Denying Enhanced Damages and Attorney's Fees

The district court's decision denying enhanced damages and attorney's fees must be affirmed. The district court did not abuse its discretion by holding that Pulse's actions did not amount to a "pirate" and that this case was an ordinary patent infringement case that did not justify enhanced damages or attorney's fees.

### A. Standard of Review

This Court reviews the district court's decision for an abuse of discretion. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016); *Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017).

### B. The District Court Did Not Violate Halo's Seventh Amendment Rights and Correctly Applied the *Read* Factors

Halo argues that the district court abused its discretion by violating Halo's Seventh Amendment rights and in failing to apply all the *Read* factors. Halo is wrong on both fronts. Enhanced damages "are generally only appropriate in egregious cases of misconduct, such as willful, wanton, or malicious behavior" where the infringer is akin to a "pirate." *Presidio Components, Inc.*, 875 F.3d at 1382. Indeed, as the Supreme Court has explained:

36

> Awards of enhanced damages . . . are not to be meted out
> in a typical infringement case, but are instead designed as
> a "punitive" or "vindictive" sanction for egregious
> infringement behavior. The sort of conduct warranting
> enhanced damages has been variously described in our
> cases as willful, wanton, malicious, bad-faith, deliberate,
> consciously wrongful, flagrant, or—indeed—
> characteristic of a pirate.

*Halo*, 136 S. Ct. at 1932. The district court applied the correct standard and

considered the correct factors to appropriately conclude that enhanced damages

should not be imposed under the totality of the circumstances.

### 1. The district court did not violate Halo's Seventh Amendment rights

Halo's principal argument is that, because the jury found willful

infringement, it necessarily follows that there is a presumption that enhanced

damages should be awarded that Pulse must overcome, and the district court's

refusal to enhance damages amounts to a violation of Halo's Seventh Amendment

rights. In other words, Halo faults the district court for not rubber stamping the

jury's willfulness finding as a *de facto* finding that damages should be enhanced.

Halo effectively argues that the jury's finding of willfulness is the starting and

ending point for enhanced damages. But this argument is legally flawed.

Enhanced damages do *not* necessarily follow from a jury's finding of willful

infringement, and a jury's willfulness finding does not create any presumption in

favor of imposing enhanced damages. Rather, "courts . . . take into account the

particular circumstances of each case in deciding whether to award damages, and in what amount." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). "The jury's finding of willful infringement . . . 'does not mandate that damages be enhanced, much less mandate treble damages.'" *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*, No. 1:10-cv-00159-MR, 2016 WL 7473422, at *7 (W.D. N.C. Dec. 28, 2016) (citations omitted), *aff'd* 721 F. App'x 989 (Fed. Cir. 2018). *See also, WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 n. 13 (Fed. Cir. 2016) (making clear that jury willfulness finding does not mandate enhanced damages, which are subject to the sole discretion of the district court); *Presidio Components, Inc.*, 875 F.3d at 1383 (district court did not abuse its discretion to decline to award enhanced damages for willful patent infringement because district court "considered the particular circumstances of the case and determined the situation was not sufficiently egregious to warrant enhanced damages."); *Polara Engineering Inc. v. Campbell Co.*, 894 F.3d 1339 (Fed. Cir. 2018) (A finding of willful infringement does not require the district court to award enhanced damages. . . The district court thus retains the 'discretion to decide whether the case is sufficiently egregious to warrant enhancing damages and to decide the amount of enhancement that is warranted. . . .'") (citations omitted); *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 972 (Fed. Cir. 2018) (reversing the district court's imposition of enhanced

damages and explaining that, even a district court's finding that a case presents an "egregious" situation does not *mandate* enhanced damages).

Halo relies on this Court's decision in *SRI International, Inc. v. Cisco Systems, Inc.*, 14 F.4th 1323 (Fed. Cir. 2021) to argue that enhanced damages are somehow presumed under the Seventh Amendment if there is a finding by the jury of willful infringement, and that a district court's refusal to enhance damages after a finding of willful infringement constitutes a violation of the Seventh Amendment. But this misrepresents the Court's decision in *SRI International* and conflates a party's efforts to set aside a jury's finding of willfulness versus the standard for granting enhanced damages. In the context of whether to set aside a jury's willfulness finding (which is not at issue in this case), this Court held:

> To be clear, a finding of induced infringement does not compel a finding of willfulness. Indeed, the standard required for willful infringement is different than that required for induced infringement. Nonetheless, in this case, the jury's unchallenged findings of induced infringement, when combined with Cisco's lack of reasonable bases for its infringement and invalidity defense, provide sufficient support for the jury's finding of willful infringement for the period after May 8, 2021, when Cisco had notice of the patent.

*Id.* at 1329. This Court made clear that "[a]lthough willfulness is a component of enhancement, 'an award of enhanced damages ***does not necessarily flow from a willfulness finding***[,]'" and "[d]iscretion remains with the district court to determine whether the conduct is sufficiently egregious to warrant enhanced

damages." *Id.* at 1330 (citing *Presidio Components, Inc.*, 875 F.3d at 1382; *WBIP*, 829 F.3d at 1341 n. 13; *Halo*, 136 S. Ct. at 1934) (emphasis added).

Most recently, this Court affirmed the denial of enhanced damages despite a jury's finding of willful infringement in *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F. 4th 1274 (Fed. Cir. 2023). This Court cited *Presidio Components* to confirm that an award of enhanced damages "does not necessarily flow from a willfulness finding." *Id.* at 1300. The Court explained that "there was no abuse of discretion in the district court's consideration of the totality of the circumstances and denial of enhanced damages." *Id.* at 1301. The same is true here.

In sum, this Court has consistently rejected the exact same Seventh Amendment argument Halo raises to challenge the district court's decision denying enhanced damages and attorney's fees, explaining that, "[o]f course, this is not to say that a jury verdict of willful infringement ought to result in enhanced damages. Whether the conduct is sufficiently egregious as to warrant enhancement and the amount of the enhancement that is appropriate ***are committed to the sound discretion of the district court***." *WBIP, LLC*, 829 F.3d at 1341 n.13 (emphasis added). The district court appropriately retained discretion, following the jury's finding of willfulness, to determine whether enhanced damages were necessary under the "totality of the circumstances."

### 2. The district court properly weighed the "overall circumstances" of the case to deny enhanced damages

Whether a district court should enhance damages requires considering "the overall circumstances of the case." *Presidio Components, Inc.*, 875 F.3d at 1382. More specifically, in determining whether to enhance damages on remand, this Court instructed the district court to "consider, as one factor in its analysis, what Pulse knew or had reason to know at the time of the infringement of the Halo patents." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1381 (Fed. Cir. 2016). Among other factors, that is exactly what the district court considered.

Halo argues that the district court did not address all the *Read* factors. *See* Halo's Opening Br. on Appeal, at p. 22. This is legally meaningless, and it is factually untrue. First, this Court has made clear that:

> the district court is not required to discuss the *Read* factors. When the Supreme Court articulated the current controlling test for decisions to award enhanced damages, it did not require the *Read* factors as part of the analysis. . . The *Halo* test merely requires the district court to consider the particular circumstances of the case to determine whether it is egregious.

*Presidio Components, Inc.*, 875 F.3d at 1382-83 (citations omitted). Here, the district court did exactly this; it considered the totality and particular circumstances of the case and did not abuse its discretion in declining to award enhanced damages and attorney's fees when considering the totality of the circumstances. The district court correctly determined that the infringement in

41

this case was not "egregious," and that this was a run-of-the-mill patent infringement case that does not justify enhanced damages or attorney's fees.

Second, even if the *Read* factors are the sole, controlling factors, and ignoring *Halo*'s applicable "totality of the circumstances" standard, Halo is factually wrong that the district court did not apply the *Read* factors. *See* Appx9 (the district court explained that, although the *Read* factors are not dispositive, "I do consider them here."). Halo seeks to relitigate the district court's findings *de novo*, even though the district court's decision is subject only to an abuse of discretion standard. The district court made clear that it considered the many factors that *Read* holds are relevant, including that that the district court made the following factual findings that are now subject to an abuse of discretion standard:

- Pulse offered evidence at trial that it created several similar transformer designs through the 1980s and 1990s, independently of Halo, including that one of its engineers disclosed an open design in 1997. This is relevant under *Read* factor one on independent creation versus deliberate copying, contrary to Halo's argument on pages 22-23 of its opening brief.

- Pulse commissioned two legal opinions, one in 1999 and a second in 2003, and at least one of them was given to Pulse's president during the infringement period. Despite Halo's argument on page 23 of its opening brief that the district court did not address *Read* factor two as to whether

42

Pulse investigated the scope of Halo's patent and formed a good faith belief that it was invalid or not infringed, that is not true. The district court considered this factor and found that Pulse appropriately relied on two legal opinions that it did not infringe.

- Pulse's engineer, who had 30 years of experience, testified at trial that he analyzed Halo's patent in 2002 and concluded that it was invalid, and he told members of Pulse's management team about his conclusions. This, too, addresses *Read* factor two.

- When Halo contacted Pulse about paying for a license during the infringement period, Halo offered a "sales pitch," but it had never informed Pulse that Halo believed Pulse was infringing. Instead, Halo informed Pulse that it had "not yet reached any conclusive determination." Despite Halo's argument on page 24 that the district court did not address *Read* factor nine, Halo is wrong. The district court correctly found that Pulse did not attempt to conceal its misconduct.

- Pulse offered a substantial question on the obviousness of the Halo patents, including that it would have been predictable to combine and modify the prior art to create the patented technology. This is relevant for *Read* factors one, two, three, seven, eight, and nine. [Appx11-13].

43

The district court also correctly determined that this case was an ordinary patent infringement case, not an exceptional case where Pulse's conduct amounted to a patent "pirate." This took into consideration the remainder of the *Read* factors Halo argues were allegedly not considered, on pages 24-25 of its opening brief.

Even if the *Read* factors were "mandatory" (which they are not), the district court here appropriately considered the factors and the totality of the circumstances, resulting in denying enhanced damages and attorney's fees. Halo's efforts to relitigate the facts of enhanced damages under a *de novo* review must be rejected, as that is not the standard of review in this Court.

### 3. The district court did not err in considering Pulse's legal opinion letters when determining whether to enhance damages

Halo also contends that the district court incorrectly considered Pulse's opinion letters when deciding whether to impose enhanced damages and attorney's fees. *See* Halo's Opening Br. at pp. 25-30. Halo is wrong. In any event, even ignoring the legal opinions, this Court should affirm.

First, even without consideration of the legal opinion letters, the district court's decision cannot be disturbed. Regardless of the legal opinions, as explained, the district court also found that Pulse appropriately relied on its engineer, who had over 30 years of experience, for his review of the Halo patent,

his conclusion that it was invalid, and his communication of this information to Pulse's upper management during the infringement period.  Appx11-13.

Likewise, regardless of the legal opinions, the district court also found that Pulse offered a justifiable obviousness defense, supported by the facts, and that Pulse offered evidence of independent creation as early as the 1980s and at least by 1997.  *Id.*  Thus, even if the legal opinions are not considered, the district court's decision cannot be disturbed under the governing abuse of discretion standard. Other substantial evidence supports the district court's denial of enhanced damages and attorney's fees, and, therefore, the district court did not abuse its discretion.

Second, in any event, Halo incorrectly argues that the district court could not rely on the Pulse opinion letters because Pulse did not produce them in discovery.[4] The purpose of punitive damages, of which enhance damages are a subset, is to *punish* Pulse, *not* to make Halo (or its lawyers) "whole."[5]  Accordingly, it is irrelevant whether Halo had an opportunity to learn the detailed contents of the legal opinions prior to trial.  *See, e.g.*, *Phillip Morris USA v. Williams*, 549 U.S.

---

[4] The only reason these letters were not produced in discovery or relied upon at trial is because of the status of the former law relating to attorney-client waiver and legal opinion letters. *See* Appx1525-1542.

[5]  Halo has already been made whole by the jury's award of over $1.5 million, in addition to the undisputed or settled supplemental damages during a "sunset period," which has been paid by Pulse.  *See* Appx2574-2576.  Halo has never challenged this amount, and it is too late to do so under the guise of "enhanced damages" or "attorney's fees."

346, 362 (2007) ("The purpose of punitive damages, it can hardly be denied, is not to compensate, but to punish.") (Ginsburg, J., dissenting); *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996) ("[E]nhanced damages are punitive, not compensatory. Enhancement is not a substitute for perceived inadequacies in the calculation of actual damages, but depends on a showing of willful infringement or other indicium of bad faith warranting punitive damages."); *Protectus Alpha Nav. Co., Ltd. v. North Pacific Grain Growers, Inc.*, 767 F.2d 1379, 1385 (9th Cir. 1985) ("Punitive damages serve the purpose 'of punishing the defendant, of teaching him not to do it again, and of deterring others from following his example.'") (internal citation omitted); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1348 (Fed. Cir. 2004) ("Punitive damages are awarded to punish reprehensible behavior, referred to in this context as willful infringement."). Thus, in determining whether to impose punitive damages, the focus is on *Pulse's conduct and actions*, not whether Halo had an opportunity to conduct discovery on the legal opinions or whether the legal opinions were introduced to the jury. The district court had a duty to assess *Pulse's conduct and actions* before imposing punitive damages, which includes the fact that Pulse obtained two legal opinions.

Halo's argument that Pulse used the legal opinions as a "shield" and a "sword" lacks merit. The *fact* that Pulse obtained the legal opinion letters and

relied on them was offered as evidence in the case.  First, Pulse's engineer, Victor Aldaco, testified at his deposition in 2011 that he gave a copy of Halo's 2002 "licensing letters" to Pulse's legal counsel. Appx1445-1459 (Aldaco Dep. Tr., 75:3-13, 80:8-14, 81:15-20). Second, Pulse identified the two legal opinions in supplemental answers to Halo's interrogatories on March 2, 2011, where Pulse stated: "Pulse has received two written opinions of counsel concerning one or more of the remaining Halo patents-in-suit.  Non-privileged information regarding such opinions can be found in Pulse's January 11, 2011 Second Supplemental Privilege Log at Doc. Nos. 8 and 102."  Appx1536.  And third, Pulse filed a motion *in limine* that centered on the existence of two legal opinions. *Id.* The *fact* that Pulse obtained and relied on two legal opinions is unquestionably part of the record, and it was proper for the district court to consider as to enhanced damages.

Halo misses the point when it argues that it did not have an opportunity to take discovery on the legal opinions, and that this purportedly amounts to a waiver by Pulse.  The *content* of the letters is not what matters for the district court's analysis.  Instead, the district court appropriately considered the *fact* that Pulse obtained the letters and relied on them when determining whether Pulse acted as a "pirate."  Indeed, Pulse previously explained why, under the prior existing law at the time of discovery in this case and trial, it did not make sense for Pulse to offer

47

the *contents* of the legal opinions for any reason, as that would amount to an attorney-client waiver for litigation counsel.  Appx1525-1542.

Under the totality of the circumstances, the district court did not abuse its discretion in declining to award Halo enhanced damages and attorney's fees.

## CONCLUSION

For the reasons set forth above, this Court should reverse the district court's March 27, 2023 award of prejudgment interest in its entirety in Pulse's cross-appeal (Case No. 2023-1966).  Alternatively, the Court should reverse and remand to the district court for a reduction using the appropriate interest rate and damages period.  In addition, the Court should affirm the district court's decisions raised in Halo's main appeal (Case No. 2023-1772).

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

By: */s/ W. West Allen*
W. West Allen (NV Bar No. 5566)
3800 Howard Hughes Parkway
Suite 1000, Las Vegas, Nevada 89169
P: (702) 257-1483 | F: (702) 567-1568
Email: WWA@H2Law.com

By: */s/ Jonathan F. Karmo*
Jonathan F. Karmo (MI Bar No. 76768)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
P: (248) 645-1483 | F: (248) 723-1568
Email: JFK@H2Law.com

*Attorneys for Pulse Electronics, Inc. and Pulse Electronics Corp.*

Dated: August 29, 2023

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED** certifies that he filed ***Defendants-Cross-Appellants' Principal and Response Brief on Appeal*** along with this accompanying ***Certificate of Service*** using the CM/ECF Filing system, which generated a Notice of Docket Activity to all persons currently registered with the Court in the above-referenced matter.

## CERTIFICATE OF COMPLIANCE

Pulse certifies that this brief complies with the type-volume limitations of Federal Circuit Rule 32(b) and Federal Circuit Rule 28.1(e)(2)(B), as the brief was drafted using Microsoft Word, Times New Roman 14-point font, and it is proportionally spaced. According to the Microsoft Word word-count function, Pulse's brief contains 11,399 words, which is less than the 16,500-word limit contained in Federal Circuit Rule 28.1(e)(2)(B), excluding the items contained in Federal Rule of Appellate Procedure 32(f) that are not counted.

**HOWARD & HOWARD ATTORNEYS PLLC**

By: */s/ Jonathan F. Karmo*
Jonathan F. Karmo (MI Bar No. 76768)

***Attorneys for Pulse Electronics, Inc. and Pulse Electronics Corp.***

Dated: August 29, 2023